# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | REBECCA R. PALLMEYER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 07 C 6210 | **DATE** | December 17, 2007 |
| **CASE TITLE** | Darnell Tipton (#A-01054) v. Burnadine Kerl, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for a preliminary injunction and temporary restraining order [#6] is denied. The plaintiff's motion for a single cell [#7] is also denied. However, the clerk is directed to forward a copy of this order to Terry McCann, the warden of the Stateville Correctional Center. The court requests that the warden investigate the plaintiff's claims of retaliation and take any measures necessary to alleviate the purported friction between the plaintiff and the defendant.

■ [**For further details see text below.**]                                           Docketing to mail notices.

## STATEMENT

The plaintiff, a state prisoner, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that an officer at the Stateville Correctional Center has violated the plaintiff's constitutional rights by retaliating against him for a prior lawsuit. More specifically, the plaintiff alleges that the defendant has changed his housing assignment, initiated false disciplinary proceedings, and otherwise harassed him because the plaintiff previously sued her. This matter is before the court for ruling on the plaintiff's motions for a preliminary injunction and temporary restraining order.

The motions are denied. The prerequisites to the granting of a preliminary injunction are well established. "To prevail on a motion for a preliminary injunction, the moving party must demonstrate (1) a likelihood of success on the merits; (2) a lack of an adequate remedy at law; and (3) an irreparable harm will result if the injunction is not granted." *Woods v. Buss*, 496 F.3d 620, 622 (7th Cir. 2007), *quoting FoodComm Int'l. v. Berry*, 328 F.3d 300, 303 (7th Cir. 2003). If the moving party meets the first three requirements, then the district court balances the relative harms that could be caused to either party. *Woods*, 496 F.3d at 622, *citing Incredible Tech., Inc. v. Virtual Tech., Inc.*, 400 F.3d 1007, 1011 (7th Cir. 2005). A preliminary injunction is an "extraordinary remedy" intended to minimize the hardship to the parties and to preserve the *status quo* pending a more considered decision of the merits when possible. *Indiana Civil Liberties Union v. O'Bannon*, 259 F.3d 766, 770 (7th Cir. 2001).

**(CONTINUED)**

mjm

**STATEMENT (continued)**

    Here, the plaintiff has not met his burden. With regard to the plaintiff's request for a single cell, the court discerns no basis for such action. The court will defer to prison decisionmakers on matters of jail security and administration. In *Bell v. Wolfish*, 441 U.S. 520 (1979), the Supreme Court held that prison administrators must be afforded "wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Bell* at 547. Federal courts cannot manage jails and prisons, and must give substantial deference to those who do. *See, e.g., Turner v. Safley*, 482 U.S. 78, 84-85 (1987). Given the nature of the public interest at stake, the balance of equities favors the exercise of restraint in granting requests for injunctive relief requiring judicial intervention in matters of prison administration. *See Godinez v. Lane*, 733 F.2d 1250, 1261-62 (7th Cir. 1984). Even assuming that the plaintiff's claims against Kerl are legitimate, the court does not understand how assigning the plaintiff to a single cell would improve the situation.

    The court is likewise reluctant to enter preliminary injunctive relief against an unrepresented defendant based on the undeveloped record. If the defendant has embarked on a campaign of harassment to retaliate against the plaintiff for his previous litigation, monetary damages should make the plaintiff whole again. The plaintiff has not persuaded the court that he faces irreparable damage. Consequently, the plaintiff's motion for a temporary restraining order or preliminary injunction is denied.

    Nevertheless, because the plaintiff indicates that a settlement agreement bars any contact between Officer Kerl and the plaintiff and because the plaintiff asserts that Kerl is using her position to beleaguer him, a copy of this order will be mailed to the warden of the Stateville Correctional Center. Warden McCann need not respond to this order; however, the court requests that the warden investigate the plaintiff's allegations and take any action he may deem necessary to comply with the purported settlement agreement and to avert any further problems between Kerl and the plaintiff.