IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| DARNELL TIPTON A01054 | ) | |
| | ) | |
| Plaintiff, | ) | No.07 C 6210 |
| | ) | |
| v. | ) | Honorable Rebecca R. Pallmeyer |
| | ) | Judge Presiding |
| BURNADINE KERL et al., | ) | |
| | ) | |
| Defendants. | ) | |

**DEFENDANTS' MOTION TO DISMISS**

NOW COMES the Defendant, BURNADINE KERL by and through her attorney, LISA MADIGAN, Illinois Attorney General, and submit the following memorandum in support of their Federal Rule of Civil Procedure Rule 12(b)(6) Motion to Dismiss:

**INTRODUCTION**

This action is brought by Darnell Tipton (hereinafter "Plaintiff"), pursuant to 42 U.S.C. § 1983. Plaintiff claims his Eighth Amendment rights were violated by the Defendant, Burnadine Kerl.

Plaintiff alleges that he entered into a settlement agreement with Defendant Kerl and that she has not abided by the terms of the settlement agreement. Plaintiff states that Defendant Kerl breached the settlement in case 05C0800. He further states that his prior case was dismissed as long as Defendant Kerl stayed away from the Plaintiff. (Plaintiff's complaint page 6). Plaintiff does not state when the settlement was reached in 05C0800. The case was dismissed pursuant to stipulation on January 9, 2006.

Plaintiff alleges that Defendant Kerl came to his cell on October 1, 2007 and looked at him.

(Plaintiff's complaint page 2). He alleges that she requested that he change beds on October 5, 2007. (Plaintiff's complaint page 3). Plaintiff also alleges that Defendant Kerl lied on him. (Plaintiff's complaint page 3). Lastly, he alleges that she failed to allow him to see the dentist. (Plaintiff's complaint page 4). These four allegations are the extent of the claims Plaintiff makes regarding the Defendants treatment of the Plaintiff. The remaining portion of Plaintiff's complaint is filled with allegations about Defendant Kerl that are unrelated to the Plaintiff.

Plaintiff's complaint as to Defendant Kerl must be dismissed in its entirety. Plaintiff fails to state a claim for retaliation.

**STANDARD**

A motion to dismiss pursuant to Federal Rule of Civil Procedure 12 (b)(6) tests whether the claimant has properly stated a claim. Bell Atlantic Corp. v. Twombly, 127 S.Ct 1955, 1964 (2007). The Court must dismiss a complaint for failure to state a claim if it is clear that no relief could be granted under any set of facts that could be provided consistent with the allegations. Glatt v. Chicago Park District, 847 F.Supp. 101, 103 (N.D.Ill. 1994). Although courts accept as true all well-pleaded factual allegations and draw all reasonable inferences in favor of the plaintiff, the court need not strain to find favorable inferences which are not apparent on the face of the complaint. Id. at 103. Nor is this court required to accept legal conclusions either alleged or inferred from pleaded facts. Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007). In order to survive a motion to dismiss, the complaint must state either direct or inferential allegations concerning all elements necessary for recovery under the chosen legal theory. Glatt, 847 F. Supp. at 103. Finally, "while a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than

labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), citing Papasan v. Allain, 478 U.S. 265, 286,(1986). It is with these standards in mind that this motion must be decided.

### I.　PLAINTIFF FAILS TO STATE A CLAIM FOR RETALIATION

In order to state a claim for retaliation, a Plaintiff must specify a retaliatory action, identify the defendants, assert a constitutionally protected activity, the exercise of which cause the defendants retaliatory action. Hoskins v. Lenear, 395 F.3d 372 (7th Cir. 2005). A Plaintiff cannot simply allege the ultimate fact of retaliation. Lucien v. Peters, 840 F.Supp.591, 594 (N.D. Ill. 1994). "[T]he ultimate question is whether events would have transpired differently absent the retaliatory motive. Babcock v. White, 102 F.3d 267, 275 (1996).

Although the Plaintiff uses the word retaliation multiple times within the body of his complaint, he fails to specify what constitutionally protected activity served as the catalyst for retaliation by Bernadine Kerl. The complaint also fails to specify what retaliatory action Defendant Kerl took against the Plaintiff. Plaintiff claims that Defendant Kerl breached the settlement agreement in 05C0800. However, the complaint does not allege that the settlement agreement is the constitutionally protected activity which caused the Defendant's retaliatory action. Likewise the complaint states that Bernadine Kerl looked at the Plaintiff, asked the Plaintiff to change beds, lied on the Plaintiff and denied a request for the Plaintiff to go the dentist, however, Plaintiff simply states these actions are in violation of the terms of the settlement agreement. The Plaintiff does not claim these actions were done in retaliation for a constitutionally protected activity done by the Plaintiff. In fact, in the relief section of the complaint, the Plaintiff makes no mention of retaliation

instead he claims emotional duress and breach. The same breach he alludes to through out his complaint. "[W]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations,... a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic v. Twombly, 127 S.Ct. 1955 (2007), citing Papasan v. Allain, 478 U.S. 265, 286,(1986). The complaint as written requires that the court strain to find favorable inferences which are not apparent on the face of the complaint, therefore it should be dismissed. Glatt v. Chicago Park District, 847 F.Supp. 101, 103 (N.D.Ill. 1994).

Alleging merely the ultimate fact of retaliation is insufficient. Benson v. Cady, 761 F.2d 335 (7th Cir. 1985). In Benson, the court stated that the five month period of time between the constitutionally protected activity and the alleged retaliation was so lengthy that it "greatly" weakened any inference of retaliation. Id. In this case, if Plaintiff is alleging that his protected activity was the settlement agreement reached in 05C0800, that case was dismissed pursuant to stipulation in January 9, 2006. The first date mentioned in Plaintiff's current complaint is October 1, 2007, twenty one months after 05C0800 was dismissed and approximately thirty one months after the complaint was initially filed in 05C0800. Certainly, the time periods involved in this case are insufficient to state a claim for retaliation. As a result of Plaintiff's failure to state a claim for retaliation his complaint must be dismissed in its entirety.

**CONCLUSION**
WHEREFORE, for the foregoing reasons, Plaintiff's complaint fails as a matter of law. Defendant respectfully requests that the complaint be dismissed, in its entirety, with prejudice.

LISA MADIGAN  
Attorney General of Illinois

Respectfully submitted,

By:  s/Camile Lindsay  
CAMILE J. LINDSAY  
Assistant Attorney General  
Office of the Attorney General  
100 W. Randolph Str., 13th Floor  
Chicago, Illinois  60601  
(312) 814-4329